IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 9:18-cv-80994-Middlebrooks/Brannon

NITV FEDERAL SERVICES, LLC,

    Plaintiff,

v.

DEKTOR CORPORATION and ARTHUR
HERRING, III,

    Defendants.

## PLAINTIFF'S MOTION TO COMPEL
## DEFENDANTS' DEPOSITIONS AND FOR SANCTIONS

Plaintiff NITV Federal Services, LLC ("Plaintiff") hereby files this motion to compel the depositions of defendants Dektor Corporation ("Dektor") and Arthur Herring, III's ("Herring") (collectively, the "Defendants") and for the imposition of sanctions against Defendants, and states as follows:

1.    As the Court knows, Plaintiff has been attempting to engage in jurisdictional discovery in connection with Defendants' Motion to Dismiss [D.E. 15] which seeks dismissal (among other reasons) on the basis of lack of personal jurisdiction.

2.    Given Defendants' written discovery responses which reference a computer 'virus' that purportedly erased their relevant e-mails (and also their memory concerning communications with law enforcement/government agencies), Plaintiff arranged to take Defendants' depositions on October 17, 2018 at 11:00 a.m.

3.    At approximately 11:14 a.m. on October 17, 2018, undersigned counsel was informed by Defendants' counsel (Robert Eckard, Esq.) that Mr. Herring was sick and therefore

could not attend the deposition. As a result, the parties rescheduled the telephonic deposition for Monday, October 22, 2018 at 11:30 a.m.

4. On October 19, 2018, Defendants' counsel filed an unopposed motion to withdraw as counsel for Defendants.

5. At approximately 10:45 a.m. on October 22, 2018, undersigned counsel was informed by Defendants' counsel that Mr. Herring would not be appearing at the rescheduled deposition due to supposed "confusion" – according to Mr. Herring, he believed counsel's filing of a motion to withdraw somehow excused him from attending the rescheduled deposition.

6. As a result of Mr. Herring's "confusion,"[1] undersigned counsel has now had to prepare and pay court reporter appearance fees for two depositions that Mr. Herring could not be bothered attending. While Mr. Eckard has agreed to pay for the first appearance fee ($125.00), he notified undersigned counsel that the appearance fee for October 22, 2018 would need to be dealt with pursuant to this Motion.

7. Plaintiff has been diligently attempting to pursue jurisdictional discovery such that a response to the Motion to Dismiss can be filed and this case can be pushed forward.

8. Between Defendants' half-hearted written discovery responses and failure to appear at *two depositions* (each of which was coordinated through counsel), Defendants are causing unnecessary delays and Plaintiff to incur unnecessary costs. The Court should not tolerate this lowest form of litigation gamesmanship.

9. At this point, Defendants' counsel has offered a *third* deposition date – Wednesday, October 24, 2018 at 9:30 a.m. – and likewise stated that he will convey to Mr. Herring that he must

---

[1] Undersigned counsel is confident that Mr. Eckard fully explained to Mr. Herring that he needed to attend the rescheduled deposition unless an Order directed otherwise. That Mr. Herring willfully chose to ignore that instruction does not amount to "confusion."

2

attend the deposition unless excused by the Court.

10. If undersigned counsel had any confidence that Mr. Herring will actually appear on such date, this Motion may not have been necessary. Unfortunately, Mr. Herring's prior conduct and the impending deadline for Plaintiff to respond to the Motion to Dismiss necessitates the relief sought herein.

11. The Court should enter an Order compelling Defendants to attend their depositions on October 24, 2018 with an explicit warning that failure to do so will result in the imposition of serious sanctions such as the striking of pleadings and/or the denial of the Motion to Dismiss (as Defendants have stymied all efforts to obtain relevant jurisdictional discovery). The Court should further require Defendants to reimburse Plaintiff for the October 22, 2018 court reporter appearance fee ($125.00). Defendants must understand that the federal court system does not operate on their timeline or at their whim.

**WHEREFORE**, Plaintiff requests that the Court enter an Order:

(a) Compelling Defendants to attend their rescheduled depositions on Wednesday, October 24, 2018 at 9:30 a.m.;

(b) Sanctioning Defendants in the amount of $125.00 for the October 22, 2018 court reporter appearance fee and requiring Defendants to pay such amount within fourteen (14) days of the Court's Order;

(c) Warning Defendants that the failure to appear for the October 24, 2018 deposition will result in further sanctions upon application by Plaintiff, including but not limited to the striking of Defendants' pleadings and/or the denial of the Motion to Dismiss; and

(d) For such further relief as the Court deems proper.

## **LOCAL RULE 7.1(a)(3) CERTIFICATE**

Before filing this Motion, undersigned counsel conferred with counsel for Defendants (Robert Eckard, Esq.) who indicated that Defendants do not agree to the relief requested herein

(but that he would notify Defendants about the requirement to attend the October 24, 2018 deposition).

Dated: October 22, 2018.                DESOUZA LAW, P.A.
                                        101 NE Third Avenue
                                        Suite 1500
                                        Fort Lauderdale, FL 33301
                                        Telephone: (954) 603-1340
                                        DDesouza@desouzalaw.com

                                        By: /s/ Daniel DeSouza, Esq._____
                                             Daniel DeSouza, Esq.
                                             Florida Bar No.: 19291

## CERTIFICATE OF SERVICE

I hereby certify that on October 22, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will electronically serve all counsel of record.

/s/ Daniel DeSouza___
Daniel DeSouza

4828-1887-3970, v. 1