IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 9:18-cv-80994-DLB

NITV FEDERAL SERVICES, LLC,

    Plaintiff,

v.

DEKTOR CORPORATION and ARTHUR
HERRING, III,

    Defendants.

**PLAINTIFF'S VERIFIED MOTION FOR ENTRY OF PERMANENT INJUNCTION**

Plaintiff NITV Federal Services, LLC ("Plaintiff"), by and through undersigned counsel and pursuant to Fed. R. Civ. P. 65, 15 U.S.C. § 1116, and Fla. Stat. § 501.211(1), hereby moves for entry of a permanent injunction against defendant Dektor Corporation ("Dektor"), and states as follows:

**BACKGROUND**

1.    On July 27, 2018, Plaintiff filed its Complaint in this action against Dektor and co-defendant Arthur Herring, III ("Herring") (collectively, the "Defendants").[1] Defendants. The Complaint contains four causes of action against Defendants: (1) False Advertising, Unfair Competition, and Product Disparagement Under the Lanham Act; (2) Deceptive and Unfair Trade

---

[1] On March 7, 2019, undersigned counsel received an e-mail purporting to attach a "Suggestion of Bankruptcy" filed by Herring. The Suggestion of Bankruptcy states that Herring filed a bankruptcy petition in the Eastern District of Pennsylvania. To date, the Suggestion of Bankruptcy has not been filed in this action. In an abundance of caution so as not to violate any stay that may be in place, this Motion does not seek relief against Herring individually (unless the Court believes it proper to proceed against both Defendants in light of Herring's failure to file the Suggestion of Bankruptcy herein)

Practices; (3) Defamation/Business Disparagement; and (4) Tortious Interference.  All claims are asserted against both Defendants.

2. The Complaint requests (among other relief) that the Court grant both preliminary and permanent injunctive relief.

3. On March 22, 2019, Plaintiff filed a Verified Motion for Default Final Judgment (the "Default Final Judgment Motion") against Dektor.  That motion seeks a default final judgment against Dektor on all claims asserted in the Complaint, including those for which injunctive relief is specifically provided for by statute.

4. Because the facts underlying the Default Judgment Motion are the same facts supporting the injunctive relief sought herein, Plaintiff hereby incorporates those factual allegations and its verification as if fully stated herein.

5. Plaintiff is entitled to permanent injunctive relief on its Lanham Act and Florida statutory claims.  Each of 15 U.S.C. § 1116 and Fla. Stat. § 501.211(1) provides for preliminary and permanent injunctive relief upon proper showing.

6. While money damages will compensate Plaintiff for past harm, permanent injunctive relief is required to dissuade Defendants from expected future conduct.  As set forth in the Default Judgment Motion, Defendants have increased their frequency of defamatory/disparaging e-mails/letters/websites since the initiation of this lawsuit and have shown no signs of stopping.  In all likelihood, they will continue their onslaught absent injunctive relief moving forward.

**ARGUMENT**

I.      **Plaintiff is Entitled to a Permanent Injunction Against Dektor**

"A district court may grant injunctive relief only if the moving party shows that: (1) it has a substantial likelihood of success on the merits; (2) irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest." Klay v. United Healthgroup, Inc., 376 F.3d 1092, 1097 (11th Cir. 2004) "The standard for a permanent injunction is essentially the same as for a preliminary injunction except that the plaintiff must show actual success on the merits instead of a likelihood of success." Id.

   A.      **Success on the Merits**

As set forth in Plaintiff's Default Final Judgment Motion, Plaintiff is entitled to judgement against Dektor on each claim asserted in the Complaint – including those for which statutory authority exists for issuance of permanent injunctive relief against Dektor.  Dektor failed to retain replacement counsel (and cannot appear pro se as a corporate entity) and failed to file an Answer as required by Order from this Court.  The Default Final Judgment Motion demonstrates that Plaintiff is factually and legally entitled to judgment against Dektor on each claim asserted in the Complaint.

   B.      **Irreparable Injury**

In this case, even absent the statutory presumption, there can be no question that Plaintiff will suffer irreparable injury if injunctive relief is not granted.  Defendants' activities are effectively destroying Plaintiff's business.  Plaintiff is the manufacturer and sole source for the patented Computer Voice Stress Analyzer® II (the "CVSA"), the most widely used truth verification tool in the United States law enforcement community.  The CVSA is used by

approximately 2,000 local, state, federal, and international law enforcement agencies, including approximately 175 agencies within the State of Florida and approximately 13 federal government agencies.  Defendants are actively destroying the goodwill associated with Plaintiff's name and products, and Defendants are doing so in a concerted effort to steer purchasers toward Defendants' inferior competing product.  Money damages here are insufficient – indeed, Defendants have only increased their onslaught of defamatory e-mails/letters/websites ***after*** the filing of this lawsuit.  The destruction of Plaintiff's business is now Defendants' full-time hobby.

### C. Balance of the Harms

The relative hardships to the parties heavily favors the granting of permanent injunctive relief.  Dektor cannot be harmed by an Order prohibiting it from further violating the law and further disparaging/defaming Plaintiff.  Plaintiff does not seek to enjoin Dektor from conducting business – it is free to sell its product based on the strength of its own features/use (subject, of course, to Plaintiff's collection on its monetary judgment).  Rather, Plaintiff seeks only to prohibit Defendants from engaging in underhanded warfare of the type and nature discussed in the Default Final Judgment Motion.   In contrast, Plaintiff has a statutorily protected right to be free from Defendants' deceptive trade practices and violations of the Lanham Act.  The harm to Plaintiff from Defendants' continued activities will be immeasurable.

### D. The Public Interest

The public interest is served by encouraging fair competition in the marketplace and the provision of accurate information in a party's advertisements/marketing materials.  The public interest is therefore served by the issuance of injunctive relief against Dektor.

### **CONCLUSION**

For the foregoing reasons, Plaintiff requests that the Court enter a permanent injunction

against Dektor in the form attached hereto and for such further relief as the Court deems proper.

|  |  |
|---|---|
| Respectfully submitted | Respectfully submitted, |
| ADVISORLAW PLLC<br>2925 PGA Boulevard<br>Suite 204<br>Palm Beach Gardens, FL 33410<br>Telephone: (561) 622-7788<br>Jdloughy@advisorlaw.com | DESOUZA LAW, P.A.<br>101 NE Third Avenue<br>Suite 1500<br>Fort Lauderdale, FL 33301<br>Telephone:  (954) 603-1340<br>DDesouza@desouzalaw.com |
| By:/s/ James D'Loughy<br>    James D'Loughy, Esq.<br>    Florida Bar No: 052700 | By: /s/ Daniel DeSouza, Esq._____<br>    Daniel DeSouza, Esq.<br>    Florida Bar No.:  19291 |

## CERTIFICATE OF SERVICE

I hereby certify that on March 22, 2019, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will electronically serve all counsel of record.  I further certify that on March 22, 2019, I served the foregoing document via US Mail to Dektor Corporation and Arthur Herring, III, 400 E. Station Avenue, Coopersburg, PA 18036 and via e-mail to admin@dektorpse.com.

/s/ Daniel DeSouza___
Daniel DeSouza, Esq.

4841-1795-7485, v. 1

## VERIFICATION

I, Charles Humble, President of NITV Federal Service, LLC, hereby attest that I have read the foregoing Verified Motion for Permanent Injunction and the allegations contained therein are true and correct to the best of my knowledge and belief.

_____
Affiant

The foregoing instrument was acknowledged before me, under oath, this 22nd day of March 2019 by Charles Humble, who is personally known to me or has produced FL Driver License as identification.

_____
Notary Public
State of Florida at Large

Commission expires: 01/29/2021

[Notary seal: XENIA SEDANO, NOTARY, My Comm. Expires January 29, 2021, No. GG 67160, STATE OF FLORIDA, PUBLIC]