**EXHIBIT "D"**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 9:18-cv-80994-Middlebrooks/Brannon

NITV FEDERAL SERVICES, LLC,

    Plaintiff,

v.

DEKTOR CORPORATION and ARTHUR
HERRING, III,

    Defendants.

## DECLARATION OF MATT VANDERHOFF

Matt Vanderhoff does hereby declare pursuant to 28 U.S.C. § 1746:

1. This declaration is based on my personal knowledge.

2. I am the sole shareholder of Vanderson Corporation which provides various services to its clients in the field of information technology support. These services include home and business computer repair, laptop repair, network installation, managed IT services, website design, website hosting, and other services.

3. The defendants in this lawsuit – Arthur Herring, III and Dektor Corporation – have been clients/customers of Vanderson Corporation for several years and remained clients/customers during the pendency of this lawsuit (which I understand was filed on July 27, 2018). I have performed a number of computer-related services for Mr. Herring during this period of time, including development of the truth verification software at issue in this lawsuit, computer repair, and publishing of Mr. Herring/Dektor's websites (including the www.DektorPSE.com and

*MV*

www.NITVCVSAexposed.com websites). Generally, my understanding is that Mr. Herring has come to me for the bulk of his information-technology needs for at least the past several years.

4. I am aware of certain conduct/statements by Mr. Herring during the course of this lawsuit that plaintiff NITV Federal Services, LLC has asked me to disclose in connection with a motion for sanctions/contempt that it intends to file. I will describe below this conduct that I have previously disclosed to NITV's attorneys.

5. I am aware that Mr. Herring claims to have suffered a hard drive crash that affected his prior laptop hard drive. My understanding from NITV's counsel is that Mr. Herring claims that crash occurred in May 2018 (prior to the filing of this lawsuit). It is true that Mr. Herring brought his laptop to me in May 2018 to replace the hard drive. I did so, and gave the 'old' hard drive back to Mr. Herring in the event he wanted to extract data therefrom. After Mr. Herring was served with this lawsuit (at some point in August 2018), he brought the 'old' hard drive back to me and asked that I store it in my safe. Upon receipt, I noticed that the drive's encasement had been opened by someone and that the drive may have been physically damaged. When Herring asked me to take possession of the 'old' hard drive, he also requested that – if asked – I tell anyone that the hard drive was in my possession from May 2018 through that date (rather than the truth which is that Herring had the hard drive for that period of time). I complied with Herring's request and stored the laptop hard drive in my safe from that date (some time in August 2018) until turning the hard drive over to NITV's forensic expert.

6. In October 2018, Mr. Herring sent me an e-mail stating that his attorneys wanted a written statement from me concerning the hard drive. I asked Mr. Herring whether he wanted me to convey that the crash occurred in May 2018 as that was what he previously conveyed to me, but

MV

Herring responded that "[a]bout middle of June 2018 is better as to when the hard drive became contaminated and useless to me. That would be about 45 days before they filed the suit."

7. During the course of this lawsuit, Mr. Herring asked me about secure/encrypted e-mail he could use to avoid NITV discovering his communications with various parties, including a "Jill Olson" and a "Greg Roebuck" (both of which he was in contact with concerning NITV). My understanding is that Mr. Herring signed up for a www.protonmail.com secure/encrypted e-mail address in August 2018 using the name/address melody2013@protonmail.com. Mr. Herring has sent me numerous e-mails concerning NITV and/or the websites at issue in this lawsuit using this melody2013@protonmail.com e-mail address, with the most recent e-mail being sent on June 3, 2019. I told Mr. Herring that using such secret/encrypted e-mails was not a good idea and that they would be discoverable, but he elected not to take my advice.

8. During the course of this lawsuit, Mr. Herring has asked me on multiple occasions about file deletion software that could be used to permanently delete files that Mr. Herring did not want NITV obtaining access to. I told him that I would not assist with such matters, but that he could perform a Google search himself to find free software for that purpose. More recently, Mr. Herring reached out to me with a question concerning whether he could purchase a new hard drive at Walmart that could be 'swapped' for his existing hard drive in the event that a further forensic examination of the hard drive was ordered. My understanding of this request is that Mr. Herring wanted to provide a 'dummy' drive devoid of data to the forensic expert so he could avoid disclosure of his actual files/documents.

9. Through working with Mr. Herring for a period of years, I am aware that he stores the majority of his Dektor-related data on flash/USB drives (in addition to any data stored on his laptop). Indeed, prior to bringing me the damaged hard drive in August 2018, Mr. Herring asked

me questions concerning burning data to a DVD that I answered via e-mail. I am not aware of any of this flash/USB/DVD media being turned over to NITV in connection with this lawsuit or the forensic examination that was ordered by the Court. I was the person who assisted NITV's forensic expert with copying data from Mr. Herring's current laptop hard drive and mailing the damaged drive, but this was the only media provided to me for that purpose.

10. On May 17, 2019, NITV's attorneys provided me with a copy of the Permanent Injunction that the Court issued against Dektor Corporation and requested that I assist with taking down the www.NITVCVSAexposed.com website (as it was hosted by my company) and removing certain material from the www.DektorPSE.com website. After complying with the attorneys' request, I notified Mr. Herring what I had done. He was displeased with my actions and asked me (as he had done previously in September 2018) about hosting the www.NITVCVSAexposed.com website "offshore" so that it would be beyond the reach of any court in the United States. I told Mr. Herring that I would not assist him with doing that, but he indicated that is the course he is pursuing at this time.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: June 5, 2019

_____
Matt Vanderhoff

MV