UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-80994-Civ-Brannon

NITV FEDERAL SERVICES, LLC,

    Plaintiff,

vs.

DEKTOR CORPORATION, and
ARTHUR HERRING III,

    Defendants.

_____/

## **OMNIBUS ORDER DENYING MOTIONS**

**THIS CAUSE** is before the Court on a series of Motions [DE 109, DE 111, DE 112] filed by Defendant Arthur Herring, III, who is proceeding *pro se* in this matter. Plaintiff has responded in opposition [DE 113, DE 114, DE 115]. Upon review, the Court finds the motions to be procedurally improper and seemingly without legal merit.

As an initial matter, the pair of motions to disclose [DE 109, DE 111] do not contain the requisite certificate of pre-filing conferral with opposing counsel as required by Local Rule 7.1(a)(3). The Court is entitled to deny these motions on this basis alone. *See Andreu v. Hewlett–Packard Co.*, No. 15-23270-Civ-Moreno/O'Sullivan, 2016 WL 1697088, at *4 (S.D. Fla. Apr. 20, 2016) (Neither the Federal Rules of Civil Procedure nor the Local Rules are aspirational … Parties who fail to abide by the rules should suffer the consequences of consciously disregarding them).

Moreover, rather than cite or rely upon any valid legal authority, all three motions contain stream-of-consciousness attacks on Plaintiff and Plaintiff's counsel. For instance, the

1

"Motion to Dismiss NITV Lawsuits" asks the Court "to throw out the lawsuits against [Mr. Herring] and Dektor, sanction (suspension or disbarment) [of Plaintiff's counsel] for their gross criminal conduct, heavy fines for both and demand Nitv and/or lawyers to reimburse me the $30,000 I have lost in attorney fees . . ." [DE 112 at 2].  There is no legal authority to support this request.  The Court previously denied a motion to dismiss that was filed when Defendants had counsel [DE 71][1] and Federal Rule of Civil Procedure 12(g)(2) plainly prohibits the filing of further motions seeking dismissal.  In addition, as Mr. Herring well knows, he is not permitted to make any arguments or otherwise proceed on behalf of Dektor Corporation ("Dektor").  As a corporation, Dektor is not entitled to proceed *pro se* and must be represented by counsel.

The "Motion to Disclose" [DE 109] and "Motion to Disclose NACVSA Location" [DE 111] seek to compel Plaintiff to provide (1) the contact information for the sponsors of an attached published article from 2014, and (2) "the physical location of [Plaintiff's] Cvsa member association office called Nacvsa, including the physical location where Nacvsa's phone number rings."  Mr. Herring's claimed need for this information is to prove that this lawsuit is "fake" and has been brought "for the purpose of wasting [Defendants'] money" [DE 109 at 1; DE 111 at 1].  The relevance of the requested information is unclear.  To the extent Mr. Herring has a valid basis for requesting the information, he must first request it via one of the many available tools for properly securing discoverable information, *i.e.* via interrogatories, request for admissions, or request for production of documents.  It bears noting that the existing deadline for completing discovery is July 1, 2019 [DE 73].

---

[1] This Order required Defendants to file answers to the Complaint by March 4, 2019.  To date, neither Defendant has filed an answer and Dektor Corporation is in default judgment status [DE 85, DE 95].

2

Accordingly, the Court **ORDERS AND ADJUDGES** that the Motion to Disclose [DE 109], the Motion to Disclose NACVSA Location [DE 111], and the Motion to Dismiss NITV Lawsuits [DE 112] are all **DENIED**. Mr. Herring shall review and abide by the Federal Rules of Civil Procedure and the Local Rules before filing any future motions. Failure to do so will be grounds for summary denial by this Court.

**DONE AND ORDERED** in Chambers at West Palm Beach in the Southern District of Florida, this 19th day of June, 2019.

*[signature]*
DAVE LEE BRANNON
U.S. MAGISTRATE JUDGE

Copy via U.S. Mail to:
Dektor Corporation & Arthur Herring III
400 E. Station Avenue
Coopersburg, PA 18036