IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 9:18-cv-80994-DLB

NITV FEDERAL SERVICES, LLC,

 Plaintiff,

v.

DEKTOR CORPORATION and ARTHUR
HERRING, III,

 Defendants.

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO HERRING'S MOTION
TO DEMAND REMOVAL OF JUDGE BRANNON AS INCOMPETANT [SIC]**

Plaintiff NITV Federal Services, LLC ("Plaintiff"), by and through undersigned counsel, hereby submits this memorandum in opposition to defendant Arthur Herring, III's ("Herring") Motion to Demand Removal of Judge Brannon as Incompetant [sic] (the "Motion") [D.E. 117], and states as follows:

1. The Motion demands the "immediate removal" of the Court due to "gross incompetence" and because the Court "seems to have shown a complete dedication to help an international criminal enterprise…."[1] Plaintiff interprets the Motion as seeking recusal under either 28 U.S.C. § 144 and/or 28 U.S.C. § 455, the two statutes pertaining to recusal where a movant alleges bias/prejudice. For the reasons stated herein, the Motion should be denied.[2]

2. Herring's complaints with respect to the Court appear to be limited to the May 17,

---

[1] See Motion, p. 1.

[2] As with Herring's other recently-filed motions, the Motion does not contain the certification required by Local Rule 7.1(a)(3). Again, Herring never attempted to confer with respect to this or any of the myriad of motions he has filed over the preceding week.

2019 Order on Motions for Final Default Judgment and Permanent Injunction Against Dektor Corporation (the "Default Judgment/Injunction Order") [D.E. 95].  Specifically, Herring takes issue with the injunctive restrictions imposed by the Court, including the removal of anti-Plaintiff material from certain websites.  Herring suggests that the Court was incorrect in its ruling and boldly proclaims that he "***will NOT obey*** any of [Judge] Brannon's rulings of what I can and cannot do or speak."[3]

    3.    "Two federal statutes, 28 U.S.C. §§ 455 and 144, govern recusal and courts must construe them *in pari materia."* Elso v. United States, No. 07-21313, 2010 U.S. Dist. LEXIS 131573, *2 (S.D. Fla. Dec. 3, 2010); see also Taylor v. Bradshaw, No. 11-80911-CIV, 2014 U.S. Dist. LEXIS 148468, at *1 (S.D. Fla. Oct. 7, 2014). "Under these statutes, judges are presumed to be impartial and the movant bears the burden of demonstrating an objectively reasonable basis for questioning the judge's impartiality." Id.  Although not specified in the Motion, Plaintiff will address both statutes below.

    4.    28 U.S.C. § 144 provides:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
>
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

    5.    "A Motion to Recuse filed under 28 U.S.C. § 144 is aimed at recusing a judge for

---

[3]    Id. at ¶ 3.

actual bias, as well as the appearance of impropriety." Elso, 2010 U.S. Dist. LEXIS 131573, at *4. In deciding whether recusal is warranted, the court must determine "(1) whether a party has made and timely filed an affidavit; (2) whether the affidavit is accompanied by a good faith certificate of counsel; and (3) whether the affidavit is legally sufficient." Id. "To be legally sufficient, an affidavit must state with particularity material facts that, if true, would convince a reasonable person that a personal, rather than judicial, bias exists against the party or in favor of the adverse party." Id.

6. Here, the Default Judgment/Injunction Order was entered on May 17, 2019. Herring waited more than 30 days from entry of that Order – until June 18, 2019[4] – to file the Motion. The Motion is untimely. Further, there is no affidavit attached to the Motion and no good faith certificate. The Motion is therefore procedurally improper.

7. Finally, even if Herring's rambling could be construed as an affidavit, it would be legally insufficient. Nothing in the Motion suggests that the Court has a personal bias/prejudice. To the contrary, even though Dektor was in default and not defending this action, the Court still took the time to carefully parse Plaintiff's claims, enter a detailed 18-page Order, and require further evidence/affidavits from Plaintiff prior to entry of a monetary judgment. Simply put, the Motion is devoid of any material facts that would support recusal and it is both procedurally and substantively deficient.

8. 28 U.S.C. § 455 states that a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). A judge must also disqualify "where he has a personal bias or prejudice concerning a party, or personal knowledge

---

[4] Interestingly, Herring previously represented to the Court that he would be "out of the country for business *from June 18* to July 3. I will have no access to my office email or phone during that time." See D.E. 106. Shockingly, Herring appears to have lied again.

of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(b)(1).  In <u>Christo v. Padgett</u>, 223 F.3d 1324 (11th Cir. 2000), the Eleventh Circuit explained that, "[u]nder § 455, the standard is whether an objective, fully informed lay observer would entertain significant doubt about the judge's impartiality." <u>Christo</u>, 223 F.3d at 1333.  This standard, although broad, "is still one of reasonableness and should not be interpreted to require recusal on spurious or vague charges of partiality." <u>Smith v. Pepsico, Inc.</u>, 434 F. Supp. 524, 525 (S.D. Fla. 1977).  "[J]udicial rulings alone *almost never* constitute a valid basis for a bias or partiality motion." <u>Liteky v. United States</u>, 510 U.S. 540, 541 (1994).

9.   Further, "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." <u>Id</u>.  Herring cannot use § 455 as a means through which to challenge prior rulings of this Court, yet that is *exactly* what the Motion is trying to accomplish. As stated above, Herring has not pointed to any facts that would justify recusal here.

**WHEREFORE**, Plaintiff respectfully requests that the Court enter an Order denying the Motion.

June 26, 2019.

| Respectfully submitted | Respectfully submitted, |
|---|---|
| ADVISORLAW PLLC<br>2925 PGA Boulevard<br>Suite 204<br>Palm Beach Gardens, FL 33410<br>Telephone: (561) 622-7788<br>Jdloughy@advisorlaw.com | DESOUZA LAW, P.A.<br>101 NE Third Avenue<br>Suite 1500<br>Fort Lauderdale, FL 33301<br>Telephone:  (954) 603-1340<br>DDesouza@desouzalaw.com |
| By:/s/ James D'Loughy | By: /s/ Daniel DeSouza, Esq._____ |

|  |  |
|---|---|
| James D'Loughy, Esq. | Daniel DeSouza, Esq. |
| Florida Bar No: 052700 | Florida Bar No.: 19291 |

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 26, 2019, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will electronically serve all counsel of record. I further certify that on June 26, 2019, I served the foregoing document via US Mail to Dektor Corporation and Arthur Herring, III, 400 E. Station Avenue, Coopersburg, PA 18036 and via e-mail to admin@dektorpse.com.

/s/ Daniel DeSouza

Daniel DeSouza, Esq.

4841-1795-7485, v. 1