UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-80994-Civ-Brannon

NITV FEDERAL SERVICES, LLC,

    Plaintiff,

vs.

DEKTOR CORPORATION, and
ARTHUR HERRING III,

    Defendants.

_____/

## ORDER DENYING MOTION FOR RECUSAL/DISQUALIFICATION

**THIS CAUSE** is before the Court on Defendant Arthur Herring III's *pro se* Motion to Demand Removal of Judge Brannon as Incompet[e]nt [DE 117], which the Court construes as a motion for recusal or disqualification. Plaintiff has responded in opposition [DE 123]. Mr. Herring has filed a reply [DE 128] and a supplement to his reply [DE 129]. Being fully advised, the Court finds no valid basis for recusal or disqualification and thus denies the motion.

Mr. Herring seeks "the immediate removal" of the presiding judge based upon a prior Order [DE 95], issued on May 17, 2019, in which the Court entered a final default judgment against Mr. Herring's co-defendant, Dektor Corporation, and granted certain injunctive relief. Mr. Herring contends that this Order shows that the presiding judge "has not taken this case seriously" and demonstrates a violation of Mr. Herring's constitutional rights. Mr. Herring concludes his pleadings by expressing hope that the presiding judge "will reverse

1

all of his decisions against me, but also do what is necessary, which is to totally dismiss this lawsuit." [DE 129 at 2]. Mr. Herring cites no legal authority in support of his request.

Two statutes govern the recusal of a judge. The first one requires a judge to recuse himself *sua sponte* "in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a).

> Under § 455, the standard is whether an objective, fully informed lay observer would entertain significant doubt about the judge's impartiality . . . Furthermore, the general rule is that bias sufficient to disqualify a judge must stem from extrajudicial sources.

*Thomas v. Tenneco Packaging Co.*, 293 F.3d 1306, 1329 (11th Cir. 2002). Section 455(a) creates two primary reasons for recusal: (1) "when there is an appearance of impropriety;" and (2) "when any of the specific circumstances set forth in [§ 455(b)] exist, which show the fact of partiality." *U.S. v. Patti*, 337 F.3d 1317, 1321 (11th Cir. 2003) (citing 28 U.S.C. § 455(b)).

The second statute provides that a judge "shall proceed no further" when "a party . . . makes and files a timely and sufficient affidavit that the judge . . . has a personal bias or prejudice" for or against any party. 28 U.S.C. § 144. The affidavit must be filed "not less than ten days before the beginning of the term at which the proceeding is to be heard" unless good cause excuses a delay, and it must be "accompanied by a certificate of counsel of record stating that it is made in good faith." 28 U.S.C. § 144. Before a judge recuses himself, a § 144 affidavit must be "strictly scrutinized for form, timeliness, and sufficiency." *U.S. v. Womack*, 454 F.2d 1337, 1341 (5th Cir.1972).[1]

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir.1981) (en banc), the Eleventh Circuit adopted as binding precedent decisions that the former Fifth Circuit Court of Appeals issued prior to October 1, 1981.

In reviewing a motion for recusal, a court should consider "whether an objective, disinterested, lay observer fully informed of the facts underlying the ground on which recusal was sought would entertain a significant doubt about the judge's impartiality." *Id.* (quoting *Parker v. Connors Steel Co.,* 855 F.2d 1510, 1524 (11th Cir. 1988)).

Here, the Court finds no valid basis to recuse from presiding over this case. As an initial matter, Mr. Herring has not submitted an affidavit that meets the procedural requirements of 28 U.S.C. § 144. Moreover, Mr. Herring's principal reliance on a prior Court Order entering final default judgment against a defaulted corporation and granting injunctive relief as somehow demonstrating bias or prejudice against Mr. Herring individually is wholly unpersuasive. In this regard, Mr. Herring appears to argue that the presiding judge should recuse because the Court's rulings against Defendant Dektor Corporation show a bias against Mr. Herring. Adverse rulings, however, are not enough to show bias that warrants recusal. *In re Walker*, 532 F.3d 1304, 1311 (11th Cir. 2008) (citing *Liteky v. U.S.*, 510 U.S. 540, 554 (1994) (adverse rulings are rarely grounds for recusal).

Mr. Herring makes other unsupported accusations regarding perceived constitutional violations that do not rise to the level of showing any significant doubt about this Court's impartiality in this matter. *See Giles v. Garwood*, 853 F.2d 876, 878 (11th Cir. 1988) (per curiam) ("A judge should not recuse himself based upon unsupported, irrational, or tenuous allegations.").

Because Mr. Herring fails to show that an objective observer would question the presiding judge's impartiality, the Court **ORDERS AND ADJUDGES** that Defendant Arthur Herring III's Motion to Demand Removal of Judge Brannon as Incompet[e]nt [DE 117] is **DENIED**.

**DONE AND ORDERED** in Chambers at West Palm Beach in the Southern District of Florida, this 21st day of August, 2019.

DAVE LEE BRANNON
U.S. MAGISTRATE JUDGE

Copy via U.S. Mail to:
Arthur Herring III
400 E. Station Avenue
Coopersburg, PA 18036