IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 9:18-cv-80994-DLB

NITV FEDERAL SERVICES, LLC,

     Plaintiff,

v.

DEKTOR CORPORATION and ARTHUR
HERRING, III,

     Defendants.

---

## PLAINTIFF'S VERIFIED *EXPEDITED*[1] MOTION FOR
## ENTRY OF PERMANENT INJUNCTION AGAINST DEFENDANTS

Plaintiff NITV Federal Services, LLC ("Plaintiff"), by and through undersigned counsel and pursuant to Fed. R. Civ. P. 65, 15 U.S.C. § 1116, and Fla. Stat. § 501.211(1), hereby moves for entry of a permanent injunction against defendants Dektor Corporation ("Dektor")[2] and Arthur Herring, III ("Herring") (collectively, the "Defendants"), and states as follows:

## BACKGROUND

1.     On July 27, 2018, Plaintiff filed its Complaint in this action Defendants. The Complaint contains four causes of action against Defendants: (1) False Advertising, Unfair

---

[1]     **Given Defendants' recalcitrance in complying with Orders of this Court, open statements that they will not abide by any such Orders, and increased frequency over the past month to violate this Court's Orders, Plaintiff respectfully requests that the Court expeditiously address this Motion and schedule a hearing thereon with Defendants being required to attend in-person to explain their actions.**

[2]     On May 17, 2019, the Court entered its Order on Motions for Final Default Judgment and Permanent Injunction Against Dektor Corporation (the "Dektor Judgment/Injunction Order") [D.E. 95]. That Order entered final judgment (liability only) against Dektor and also issued a permanent injunction prohibiting Dektor (or its agents) from engaging in the conduct specified therein. On May 29, 2019, Dektor filed a Suggestion of Bankruptcy [DE. 97] noting that Dektor had filed a bankruptcy proceeding in the Eastern District of Pennsylvania on May 16, 2019 (prior to entry of the Dektor Judgment/Injunction Order). Because the Dektor Judgment/Injunction Order did not impose a monetary judgment and to the extent the bankruptcy automatic stay affected the Dektor Judgment/Injunction Order, Plaintiff is including both Defendants in this Motion.

Competition, and Product Disparagement Under the Lanham Act; (2) Deceptive and Unfair Trade Practices; (3) Defamation/Business Disparagement; and (4) Tortious Interference. All claims are asserted against both Defendants.

2.      The Complaint requests (among other relief) that the Court grant both preliminary and permanent injunctive relief.

3.      On October 11, 2019, Plaintiff filed a Verified Motion for Default Final Judgment (the "Default Final Judgment Motion") against Defendants. That motion seeks a default final judgment against Defendants on all claims asserted in the Complaint, including those for which injunctive relief is specifically provided for by statute.

4.      Because the facts underlying the Default Judgment Motion are the same facts supporting the injunctive relief sought herein, Plaintiff hereby incorporates those factual allegations and its verification as if fully stated herein.

5.      Plaintiff is entitled to permanent injunctive relief on its Lanham Act and Florida statutory claims. Each of 15 U.S.C. § 1116 and Fla. Stat. § 501.211(1) provides for preliminary and permanent injunctive relief upon proper showing.

6.      While money damages will compensate Plaintiff for past harm, permanent injunctive relief is required to dissuade Defendants from expected future conduct. As set forth in the Default Judgment Motion, Defendants have increased their frequency of defamatory/disparaging e-mails/letters/websites since the initiation of this lawsuit and have shown no signs of stopping – indeed, Defendants have continued their efforts notwithstanding being enjoined by the Dektor Judgment/Injunction Order and have even been so bold as to file motions/documents noting that they will not obey any Order of this Court enjoining them in any manner. In all likelihood, they will continue their onslaught even with injunctive relief moving

forward, and Plaintiff will unfortunately be required to initiate contempt proceedings to finally put an end to Defendants' conduct.

## ARGUMENT

### I.  Basis for Expedited Relief

Plaintiff requires expedited relief on this Motion because, as set forth herein, Defendants are to this day continuing their campaign of sending disparaging/harassing e-mails and other correspondence (notwithstanding the Court already imposing permanent injunctive relief against Dektor).  The below are examples of Herring's continued "lie detector scam" or "voice lie detector scam" e-mails/correspondence that have been sent well after the Court entered the Dektor Judgment/Injunction Order:

- August 22, 2019 – Herring sends "lie detector scam" e-mail to Chief Marschke of the Sturtevant Police Department.[3]

- September 6, 2019 – Herring e-mail to Bill Walsh (representative of Crimes Against Children conference) and subsequent internal e-mails discussing revoking Plaintiff's invitation to the conference.[4]

- September 17, 2019 – Herring e-mail exchanges with representatives of Crimes Against Children conference.[5]

- September 24, 2019 – Herring e-mail to the Mayor of Broomfield, CO (subject: "Chief Creager") (demanding removal of Chief of Police and repeating he same disparaging/defamatory material present in all of Herring's e-mails).[6]

---

[3]  A true and correct copy of Herring's August 22, 2019 e-mail is attached hereto as Exhibit "1."

[4]  A true and correct copy of Herring's September 6, 2019 e-mail is attached hereto as Exhibit "2."

[5]  A true and correct copy of Herring's September 17, 2019 e-mail is attached hereto as Exhibit "3."

[6]  A true and correct copy of Herring's September 24, 2019 e-mail is attached hereto as Exhibit "4."

- September 29, 2019 – Herring e-mail to Chief of Police of the Wausau Police Department (Wausau, WI) (subject: "legal notice").[7]

Plaintiff requires a ruling on this Motion by *October 18, 2019*. Unfortunately, it has become clear that Herring will not stop his endless onslaught even with injunctive relief already having been entered against Dektor. As a result, Plaintiff requires expedited relief as Herring's future conduct will likely necessitate initiation of contempt proceedings.

## II.     Plaintiff is Entitled to a Permanent Injunction Against Dektor

"A district court may grant injunctive relief only if the moving party shows that: (1) it has a substantial likelihood of success on the merits; (2) irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest." Klay v. United Healthgroup, Inc., 376 F.3d 1092, 1097 (11th Cir. 2004) "The standard for a permanent injunction is essentially the same as for a preliminary injunction except that the plaintiff must show actual success on the merits instead of a likelihood of success." Id.

### A.     Success on the Merits

As set forth in Plaintiff's Default Final Judgment Motion, Plaintiff is entitled to judgment against Defendants on each claim asserted in the Complaint – including those for which statutory authority exists for issuance of permanent injunctive relief against Defendants. Dektor was defaulted due to its failure to retain replacement counsel and Herring was defaulted due to his substantial/serious discovery violations. Both Defendants are therefore deemed to admit the well-plead allegations of the Complaint. The Default Final Judgment Motion demonstrates that Plaintiff

---

[7]     A true and correct copy of Herring's September 29, 2019 e-mail is attached hereto as Exhibit "5."

is factually and legally entitled to judgment against Dektor on each claim asserted in the Complaint.

**B.      Irreparable Injury**

In this case, even absent the statutory presumption, there can be no question that Plaintiff will suffer irreparable injury if injunctive relief is not granted.   Defendants' activities are effectively destroying Plaintiff's business.   Plaintiff is the manufacturer and sole source for the patented Computer Voice Stress Analyzer® II (the "CVSA"), the most widely used truth verification tool in the United States law enforcement community.   The CVSA is used by approximately 2,500 local, state, federal, and international law enforcement agencies, including approximately 175 agencies within the State of Florida and approximately 13 federal government agencies.   Defendants are actively destroying the goodwill associated with Plaintiff's name and products, and Defendants are doing so in a concerted effort to steer purchasers toward Defendants' inferior competing product.   Money damages here are insufficient – indeed, Defendants have only increased their onslaught of defamatory e-mails/letters/websites *after* the filing of this lawsuit and *after* the Court already entered permanent injunctive relief against Dektor.   The destruction of Plaintiff's business is now Defendants' full-time hobby.

**C.      Balance of the Harms**

The relative hardships to the parties heavily favors the granting of permanent injunctive relief.  Defendants cannot be harmed by an Order prohibiting them from further violating the law and further disparaging/defaming Plaintiff.   Plaintiff does not seek to enjoin Defendants from conducting business – they are free to sell their product based on the strength of its own features/use (subject, of course, to Plaintiff's collection on its monetary judgment).   Rather, Plaintiff seeks only to prohibit Defendants from engaging in underhanded warfare of the type and

5

nature discussed in the Default Final Judgment Motion.   In contrast, Plaintiff has a statutorily

protected right to be free from Defendants' deceptive trade practices and violations of the Lanham

Act.  The harm to Plaintiff from Defendants' continued activities will be immeasurable.

**D.      The Public Interest**

The public interest is served by encouraging fair competition in the marketplace and the

provision of accurate information in a party's advertisements/marketing materials.   The public

interest is therefore served by the issuance of injunctive relief against Defendants.

<u>**CONCLUSION**</u>

For the foregoing reasons, Plaintiff requests that the Court enter a permanent injunction

against Defendants in the form attached hereto (as Exhibit "6") and for such further relief as the

Court deems proper.

|  |  |
|---|---|
| Respectfully submitted | Respectfully submitted, |
| ADVISORLAW PLLC | DESOUZA LAW, P.A. |
| 2925 PGA Boulevard | 101 NE Third Avenue |
| Suite 204 | Suite 1500 |
| Palm Beach Gardens, FL 33410 | Fort Lauderdale, FL 33301 |
| Telephone: (561) 622-7788 | Telephone:  (954) 603-1340 |
| Jdloughy@advisorlaw.com | DDesouza@desouzalaw.com |
| By:/s/ James D'Loughy | By: /s/ Daniel DeSouza, Esq._____ |
| James D'Loughy, Esq. | Daniel DeSouza, Esq. |
| Florida Bar No: 052700 | Florida Bar No.:  19291 |

## CERTIFICATE OF SERVICE

I hereby certify that on October 11, 2019, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will electronically serve all counsel of record. I further certify that on October 11, 2019, I served the foregoing document via US Mail to Dektor Corporation and Arthur Herring, III, 400 E. Station Avenue, Coopersburg, PA 18036 and via e-mail to admin@dektorpse.com.

/s/ James D'Loughy____

James D'Loughy, Esq.

## VERIFICATION

I, Charles W. Humble, hereby attest that I have read the foregoing Verified Motion for Default Final Judgment and the allegations contained therein are true and correct to the best of my knowledge and belief.

Charles W. Humble, Affiant

The foregoing instrument was acknowledged before me, under oath, this 11th day of October 2019 by Charles W. Humble, who is personally known to me.

NOTARY PUBLIC

**Printed Name of Notary Public**
My Commission Expires:

DENISE AGUILAR
MY COMMISSION # FF 949858
EXPIRES: January 12, 2020
Bonded Thru Notary Public Underwriters