IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 9:18-cv-80994-DLB

NITV FEDERAL SERVICES, LLC,

    Plaintiff,

v.

DEKTOR CORPORATION and ARTHUR
HERRING, III,

    Defendants.

**PLAINTIFF'S REPLY MEMORANDUM IN FURTHER
SUPPORT OF MOTION FOR DEFAULT FINAL JUDGMENT
AND MOTION FOR ENTRY OF PERMANENT INJUNCTION**

    Plaintiff[1] hereby submits this reply memorandum in further support of its Motion for Default Final Judgment Against Defendants (the "Default Judgment Motion") [D.E. 135] and its Verified Expedited Motion for Entry of Permanent Injunction Against Defendants (the "Permanent Injunction Motion") [D.E. 134], and states as follows:

    1.    Herring's Objection to Plaintiff's Final Default Judgment and Permanent Injunction Against Defendants (the "Opposition Memorandum") [D.E. 138] should be relatively familiar to the Court – indeed, it contains substantially the same personal attacks on Plaintiff, undersigned counsel, and the Court that have been lodged by Herring throughout the course of this lawsuit. Herring's attacks, however, are plainly insufficient to challenge either of the subject motions.

    2.    The Opposition Memorandum ignores or refuses to acknowledge that a default was

---

[1]     Terms not defined herein shall have the meaning ascribed to them in the Default Judgment Motion and the Permanent Injunction Motion.

already entered against Herring [D.E. 133] and a default judgment (on liability) was already entered against Dektor [D.E. 95].  As a result of these defaults, Defendants are deemed to admit the well-pleaded allegations of the Complaint and therefore can no longer challenge the sufficiency of the evidence supporting those allegations.  See Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc., 561 F.3d 1298, 1307 (11th Cir. 2009) (A "defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, as set forth in the operative complaint."); see also Belleview Biltmore Partners, LLC v. Noah & Assocs., No. 17-20460-CV, 2018 U.S. Dist. LEXIS 42011, at *5 (S.D. Fla. Mar. 13, 2018) ("While a defaulted defendant cannot challenge the sufficiency of the evidence, '[i]t is entitled to contest the sufficiency of the complaint and its allegations to support the judgment.'") (quoting Cotton v. Mass. Mut. Life Ins. Co., 402 F.3d 1267, 1278 (11th Cir. 2005)); Robinson v. Zion Dry Cleaners, Inc., No. 1:17-cv-62213-UU, 2018 U.S. Dist. LEXIS 77502, at *6 (S.D. Fla. May 7, 2018) ("As Plaintiff's Complaint properly pled enterprise coverage, by virtue of their default, Defendants admit those allegations of fact and cannot now contest them in a procedurally improper motion to dismiss.) (internal quotation marks omitted).

3.    Herring dedicates the entirety of the Opposition Memorandum to challenging the veracity of Plaintiff's allegations rather than addressing whether those allegations (which have been deemed admitted) support entry of judgment.  Clearly, they do.  The Court previously analyzed the sufficiency of Plaintiff's allegations in its 18-page Order on Motions for Final Default Judgment and Permanent Injunction Against Dektor Corporation [D.E. 95].  After carefully reviewing the allegations (which apply equally to both Dektor and Herring), the Court determined that such allegations support entry of judgment with respect to each and every claim asserted in the Complaint.

4. Herring's regurgitation of the same personal attacks and fanciful allegations is thus insufficient to defeat entry of default judgment (and, in turn, entry of a permanent injunction). Herring was given fair opportunity to litigate this matter appropriately – he chose instead to play games, ignore Orders from this Court, destroy documents, and engage in conduct that ultimately led (after months of delays caused by Herring) to defaults being entered against both himself and Dektor. Having squandered the opportunity to litigate this matter on the merits, Herring must now face the reality that his remaining challenges are limited to (a) the sufficiency of Plaintiff's well-pleaded allegations and (b) the sufficiency of Plaintiff's proffer on damages.[2]

5. As the Opposition Memorandum fails to address the sufficiency of Plaintiff's well-pleaded allegations, only the issue of Plaintiff's damages remains. On this point, Herring offers speculation and conjecture that Plaintiff's losses were caused by factors other than Defendants' persistent defamatory campaign (failing to take into account that Humble's declaration addresses and accounts for losses caused by other market factors) and that Matthew C. Smith's (a certified public accountant for 17 years) damages analysis is simply "guess work."[3] Herring then boldly proclaims that Plaintiff should be required to disclose the contact information for each of its 2,000+ customers so that Herring can "VERIFY"[4] Plaintiff's damages (i.e. use the contact information to ignore this Court's Orders and continue his onslaught of defamatory e-mails in a more targeted manner).

6. Herring has not challenged the veracity of Humble's damages-related allegations,

---

[2] "Although a defaulted defendant admits well-pleaded allegations of liability, allegations relating to the amount of damages are not admitted by virtue of default. Rather the Court determines the amount and character of damages to be awarded." Miller v. Paradise of Port Richey, Inc., 75 F.Supp.2d 1342, 1346 (M.D. Fla. 1999).

[3] See Opposition Memorandum, at p. 7.

[4] Id.

has not retained/proffered his own expert/accountant to rebut any of Mr. Smith's analysis, and – frankly speaking – has done nothing to otherwise challenge the amount of damages claimed by Plaintiff.  Having failed to address the sufficiency of Plaintiff's well-pleaded allegations and the sufficiency of Plaintiff's damages proffer, Herring cannot seriously challenge entry of default judgment (and, in turn, entry of a permanent injunction) at this time.  As succinctly stated by Florida's Supreme Court:

> It has been well said that there must be some point in every court proceeding when the cause is finally disposed of, its thread cut, and the parties out of court….  The public welfare demands that there shall be some definite end to litigation – a point sometime, somewhere, when every case is terminated.  We cannot afford to return to the interminable and outrageous practice similar to that depicted in Dickens' case of Jarndyce v. Jarndyce.

Mabson v. Christ, 119 So. 131, 132 (Fla. 1928).  This lawsuit has been pending for approximately sixteen (16) months.  In that time, Herring has ignored multiple Orders of this Court, destroyed documents, engaged in childish conduct and name calling, and otherwise wasted the valuable resources of this Court with his fanciful stories and threats.  It is now time for Herring to understand and accept that it was his conduct that led to today's procedural posture.  In ant event, the time is now for this lawsuit to be finally disposed of through entry of default judgment and entry of a permanent injunction.[5]

Dated: November 1, 2019.

          Respectfully submitted           Respectfully submitted,

          ADVISORLAW PLLC           DESOUZA LAW, P.A.

---

[5] Unfortunately, given Herring's ongoing conduct and proclamations that he will *not* comply with any Orders of this Court, undersigned counsel fully expects that further motion practice (such as motions for contempt) will be necessary to force Herring to truly comprehend the scope of his obligations.  While undersigned counsel would prefer to avoid such motions, Herring's conduct has made future motion practice in this matter all but certain.

| | |
|---|---|
| 2925 PGA Boulevard | 3111 N. University Drive |
| Suite 204 | Suite 301 |
| Palm Beach Gardens, FL 33410 | Coral Springs, FL 33065 |
| Telephone: (561) 622-7788 | Telephone:  (954) 603-1340 |
| Jdloughy@advisorlaw.com | DDesouza@desouzalaw.com |
| | |
| By:/s/ James D'Loughy | By: /s/ Daniel DeSouza, Esq._____ |
| James D'Loughy, Esq. | Daniel DeSouza, Esq. |
| Florida Bar No: 052700 | Florida Bar No.:  19291 |

## CERTIFICATE OF SERVICE

I hereby certify that on November 1, 2019, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will electronically serve all counsel of record. I further certify that on November 1, 2019, I served the foregoing document via US Mail to Dektor Corporation and Arthur Herring, III, 400 E. Station Avenue, Coopersburg, PA 18036 and via e-mail to admin@dektorpse.com.

/s/ Daniel DeSouza___

Daniel DeSouza, Esq.

4841-1795-7485, v. 1