IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 9:18-cv-80994-DLB

NITV FEDERAL SERVICES, LLC,

    Plaintiff,

v.

DEKTOR CORPORATION and ARTHUR
HERRING, III,

    Defendants.

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO MOTION FOR
COURT TO SANCTION NITV LAWYERS D'SOUSA AND D'LOUGHY**

Plaintiff NITV Federal Services, LLC ("Plaintiff") hereby files this memorandum in opposition to defendant Arthur Herring, III's ("Herring") Motion for Court to Sanction Nitv Lawyers d'sousa and d'loughy (the "Motion") [D.E. 146], and states as follows:

1. The Motion seeks an Order sanctioning undersigned counsel for "knowing and deliberately filing a made up lawsuit only to use the court as a weapon…."[1] The Motion further criticizes undersigned counsel for not contacting Herring prior to filing this lawsuit and for now withdrawing from their representation of Plaintiff upon Herring revealing Plaintiff's business to be a "scam."

2. The Motion does not merit a serious response and is simply the latest in a long line of motions/responses by Herring in which he blames everyone but himself for the procedural posture of this lawsuit and Herring's misconduct throughout. The Court has seen this rambling before – indeed, it is the same tact and name calling that Herring has engaged in for months (rather

---

[1] See Motion, p. 3.

than focusing on compliance with his obligations under the Federal Rules of Civil Procedure and/or various adverse Orders entered by the Court). If Herring is looking for a scapegoat for his pleadings being struck or judgment being entered against himself/co-defendant Dektor Corporation ("Dektor"), he need only look in the mirror.

3. Although somewhat unclear, it appears that the Motion seeks sanctions pursuant to Fed. R. Civ. P. 11(b) on the basis that this lawsuit was brought for an improper purpose or that the allegations in the Complaint lack factual support. As a threshold matter, the Motion should be denied due to Herring's failure to comply with the meet-and-confer requirements of Local Rule 7.1(a)(3) (as he has likewise failed to do in every other motion he has filed in this case). See, e.g. Latele TV, C.A. v. Telemundo Communs. Grp., LLC, No. 12-22539-CIV, 2015 U.S. Dist. LEXIS 38478, at *6 (S.D. Fla. Mar. 26, 2015) ("Local Rule 7.1(a)(3) requires a pre-filing conferral and does not designate a sanctions motion as an exception."); Dang v. Inspection Depot, Inc., No. 14-61857-CIV-COOKE/TORRES, 2015 U.S. Dist. LEXIS 185575, at *5 (S.D. Fla. June 29, 2015) (denying motion for sanctions in part due to failure to include Rule 7.1(a)(3) certification).

4. More substantively, the Motion should be denied because, through his default, Herring has already admitted each of the well-pled factual allegations of the Complaint. While Herring had every opportunity to litigate this matter on the merits, he chose instead to engage in subterfuge, create fake e-mail accounts, intentionally destroy evidence, fake illnesses, and otherwise act to delay and substantially increase Plaintiff's costs/attorneys' fees. That conduct ultimately resulted in a default judgment against Dektor, a judicial default against Herring, and a pending default judgment motion against Herring. Herring cannot now use a procedurally improper sanctions motion as a back-door attack on the merits of this lawsuit when he long ago squandered the opportunity to participate in this lawsuit.

2

**WHEREFORE**, Plaintiff respectfully requests that the Court enter an Order denying the Motion and for such further relief as the Court deems proper.

|  |  |
|---|---|
| Respectfully submitted | Respectfully submitted, |
| ADVISORLAW PLLC<br>2925 PGA Boulevard<br>Suite 204<br>Palm Beach Gardens, FL 33410<br>Telephone: (561) 622-7788<br>Jdloughy@advisorlaw.com | DESOUZA LAW, P.A.<br>101 NE Third Avenue<br>Suite 1500<br>Fort Lauderdale, FL 33301<br>Telephone: (954) 603-1340<br>DDesouza@desouzalaw.com |
| By:/s/ James D'Loughy<br>   James D'Loughy, Esq.<br>   Florida Bar No: 052700 | By: /s/ Daniel DeSouza, Esq._____<br>   Daniel DeSouza, Esq.<br>   Florida Bar No.: 19291 |

## CERTIFICATE OF SERVICE

I hereby certify that on November 21, 2019, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will electronically serve all counsel of record. I further certify that on November 21, 2019, I served the foregoing document via US Mail to Dektor Corporation and Arthur Herring, III, 400 E. Station Avenue, Coopersburg, PA 18036 and via e-mail to admin@dektorpse.com.

/s/ Daniel DeSouza____
Daniel DeSouza, Esq.

4841-1795-7485, v. 1