IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 9:18-cv-80994-DLB

NITV FEDERAL SERVICES, LLC,

    Plaintiff,

v.

DEKTOR CORPORATION and ARTHUR
HERRING, III,

    Defendants.

---

## PLAINTIFF'S MOTION TO COMPEL
## DEFENDANTS' DEPOSITIONS IN AID OF EXECUTION

Plaintiff NITV Federal Services, LLC ("Plaintiff") hereby files this motion to compel defendants Dektor Corporation ("Dektor") and Arthur Herring, III ("Herring") (collectively, the "Defendants") to attend depositions in aid of execution and, in support thereof, states as follows:

1. On December 16, 2019, the Court entered its Order of Final Default Judgment and Permanent Injunction Against Both Defendants (the "Final Judgment") [D.E. 163]. The Court entered judgment against Defendants (jointly) in the amount of $849,347.92.

2. Plaintiff's judgment against Defendants remains unsatisfied.

3. On February 11, 2020, undersigned counsel contacted Herring via e-mail to request that he provide dates, within 45 days thereof, that were convenient for Herring and Dektor to each attend (in Pennsylvania) a deposition in aid of execution of the judgment entered in this action.[1]

4. As Herring did not respond, undersigned counsel sent a follow-up e-mail on

---

[1] True and correct copies of undersigned counsel's multiple e-mails on this subject are attached hereto as Exhibit "1."

February 12, 2020 which asked for available dates and noted that "[w]e would prefer not to file a motion to compel the depositions…."[2]

5. As indicated by the chain of e-mails, undersigned counsel tried again on February 18, 2020 and again on February 20, 2020 (including attempts to reach Herring telephonically). Notwithstanding these attempts, Herring has to date failed to respond and otherwise refuses to communicate with undersigned counsel.

6. Pursuant to Fed. R. Civ. P. 69(a)(2), Plaintiff is plainly entitled to take Defendants' depositions in aid of execution of the judgment entered in this action. See, e.g. MAC Funding Corp. v. Asap Graphics, Inc., No. 08-61785, 2009 U.S. Dist. LEXIS 51685, at *2 (S.D. Fla. June 3, 2009) ("Federal Rule of Civil Procedure 69 provides that the discovery procedures outlined in Rules 26 through 37 apply to discovery is sought from a party in aid of execution.  Thus, Defendants have a duty to appear for examination upon being duly served with a Notice of taking deposition, and proper service under Rule 45 is not an issue. Their failure to do so is a discovery violation that warrants a sanction.") (internal citations omitted).

7. Given Herring's contemptuous conduct throughout this lawsuit, total disregard for the rules of procedure, and refusal to even respond to multiple requests to schedule the requested depositions, an Order compelling Defendants to appear for deposition on a date of Plaintiff's choosing is required to secure Defendants' attendance.

8. Given Herring's extensive history of discovery violations and proclamations that he will not follow this Court's Orders, Plaintiff is legitimately concerned that, even if ordered to do so, Herring will not appear for deposition and will instead force Plaintiff to pursue contempt proceedings.  Because of this, and as a sanction for Herring's failure to cooperate in scheduling

---

[2] Id.

the depositions, Plaintiff requests that the Court enter an Order compelling Defendants to attend a deposition in aid of execution *within Palm Beach or Broward County, Florida* so that Plaintiff is not forced to incur travel costs only to find an empty seat.  Herring had multiple opportunities to cooperate in scheduling a deposition in Pennsylvania – having chosen not to participate, he should not now complain as to the date and/or location.

**WHEREFORE**, Plaintiff respectfully requests that the Court enter an Order:

A. Compelling Defendants to each attend a deposition in aid of execution, within 45 days from the date of the Court's Order on a date convenient to Plaintiff, with such deposition to occur in either Palm Beach or Broward County, Florida;

B. Awarding Plaintiff its reasonable attorneys' fees and costs incurred in connection with bringing this Motion and securing Defendants' attendance at the aforementioned depositions; and

C. Granting such other relief as is necessary and proper.

## LOCAL RULE 7.1(a)(3) CERTIFICATE

Before filing this Motion, undersigned counsel attempted to confer with Defendants (four e-mails over a nine-day period and a voicemail, none of which was ever responded to), but Defendants actively refused to participate in the meet and confer process.  As with other discovery matters, Mr. Herring refuses to discuss this matter.

Dated: February 21, 2020.

| | |
|---|---|
| ADVISORLAW PLLC | DESOUZA LAW, P.A. |
| 2925 PGA Boulevard | 3111 N. University Drive |
| Suite 204 | Suite 301 |
| Palm Beach Gardens, FL 33410 | Coral Springs, FL 33065 |
| Telephone: (561) 622-7788 | Telephone: (954) 603-1340 |
| Jdloughy@advisorlaw.com | DDesouza@desouzalaw.com |
| By: /s/ James D'Loughy | By: /s/ Daniel DeSouza, Esq. |
| James D'Loughy, Esq. | Daniel DeSouza, Esq. |
| Florida Bar No: 052700 | Florida Bar No.: 19291 |

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 21, 2020, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will electronically serve all counsel of record. I further certify that on February 21, 2020, I served the foregoing document via US Mail to Dektor Corporation and Arthur Herring, III, 400 E. Station Avenue, Coopersburg, PA 18036 and via e-mail to admin@dektorpse.com.

           By:    /s/ Daniel DeSouza\_\_\_
                    Daniel DeSouza, Esq.