IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 9:18-cv-80994-DLB

NITV FEDERAL SERVICES, LLC,

    Plaintiff,

v.

DEKTOR CORPORATION and ARTHUR
HERRING, III,

    Defendants.

---

**PLAINTIFF'S MOTION TO COMPEL DEFENDANTS
TO PROVIDE CURRENT CONTACT INFORMATION**

Plaintiff NITV Federal Services, LLC ("Plaintiff") hereby files this motion to compel defendants Dektor Corporation ("Dektor") and Arthur Herring, III ("Herring") (collectively, the "Defendants") to provide their current physical and e-mail addresses and, in support thereof, states as follows:

1. On November 6, 2018 (following the Court granting Defendants' first counsel's motion to withdraw), the Court entered its Instructions to Pro Se Litigant and Directions to Plaintiff Regarding Service of Court Documents [D.E. 45]. Those instructions notified Herring that he must keep the Court advised of any changes to his physical address:

> 7. Defendant Herring is advised that any litigant appearing *pro se* is responsible for keeping the Court advised of his or her current physical mailing address at all times. Litigants must promptly notify the Court in writing of any change in address by filing a "Notice of Change of Address" in the record with a copy served on opposing counsel.

2. On February 15, 2019, the Court entered an Order Granting Defendants'

Unopposed Motion to Withdraw as Counsel for Defendants [D.E. 72] with respect to the withdrawal of Defendants' second attorney-of-record (Scott Wellikoff, Esq.). Again, that Order notified Herring of the obligation to advise the Court of any change of physical address:

> 4. ==Defendants shall have an affirmative duty to keep the Court and Clerk of Court updated as to all contact information and notify the Court and Clerk of Court of any change in contact information no later than 10 business days after such change.==

3. As the Court knows, Plaintiff has been engaging in post-judgment discovery and has already been forced to file at least one motion to compel (relating to Defendants' refusal to make themselves available for a deposition in aid of execution).

4. On February 21, 2020, Herring called undersigned counsel (from Herring's mobile phone # 215-631-1448). During that call, Herring represented that he had moved from his residential address and that Dektor was no longer receiving mail at its corporate address. Herring further represented that he discontinued/shut down the e-mail address on file (admin@dektorpse.com) which, pursuant to the above-referenced Orders, Plaintiff is required to send copies of filings to.

5. Although undersigned counsel repeatedly asked for Herring's current contact information specifically for purposes of serving documents filed in this lawsuit, Herring refused to provide the contact information and suggested instead that it was "not his problem" that Plaintiff might have difficulty providing him with copies of documents.

6. On March 3, 2020, Herring again called undersigned counsel from the same phone number. Herring again refused to provide updated contact information and suggested instead that, if necessary, he would retain an attorney in Pennsylvania who could serve as an intermediary.

7. Herring has further stated (in both the February 21, 2020 and March 3, 2020 calls)

that he has stopped paying his mobile telephone bill and that it was only a matter of time before that number (***which is undersigned counsel's last-remaining method of contacting Herring***) would be deactivated.

8. The Court has already issued two (2) Orders requiring Herring to disclose any changes to his physical and/or e-mail addresses. Given Herring's above-described representations, it is imperative that he be compelled to disclose his current whereabouts as there is at least one discovery motion currently pending (and, unfortunately, given Herring's past conduct, there are likely to be others).

9. The Court should not allow Herring to conceal his whereabouts and avoid participating in post-judgment discovery and/or contempt proceedings in the (likely) event he deliberately fails to comply with the permanent injunction entered against Defendants.

**WHEREFORE**, Plaintiff respectfully requests that the Court enter an Order:

A. Compelling Defendants to disclose their current physical and e-mail addresses;

B. Requiring Defendants to file a notice of change of address within three (3) days of any change in their current address; and

C. Granting such other relief as is necessary and proper.

## LOCAL RULE 7.1(a)(3) CERTIFICATE

Before filing this Motion, undersigned counsel conferred with Defendants but was unable to obtain Defendants' cooperation in disclosing their current contact information.

Dated: March 9, 2020.

| | |
|---|---|
| ADVISORLAW PLLC<br>2925 PGA Boulevard<br>Suite 204<br>Palm Beach Gardens, FL 33410 | DESOUZA LAW, P.A.<br>3111 N. University Drive<br>Suite 301<br>Coral Springs, FL 33065 |

| | |
|---|---|
| Telephone: (561) 622-7788 | Telephone: (954) 603-1340 |
| Jdloughy@advisorlaw.com | DDesouza@desouzalaw.com |
| By: /s/ James D'Loughy | By: /s/ Daniel DeSouza, Esq. |
| James D'Loughy, Esq. | Daniel DeSouza, Esq. |
| Florida Bar No: 052700 | Florida Bar No.: 19291 |

## CERTIFICATE OF SERVICE

I hereby certify that on March 9, 2020, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will electronically serve all counsel of record. I further certify that on March 9, 2020, I served the foregoing document via US Mail to Dektor Corporation and Arthur Herring, III, 400 E. Station Avenue, Coopersburg, PA 18036 and via e-mail to admin@dektorpse.com.

By: /s/ Daniel DeSouza
Daniel DeSouza, Esq.