UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-80994-Civ-Brannon

NITV FEDERAL SERVICES, LLC,

    Plaintiff,

vs.

DEKTOR CORPORATION, and
ARTHUR HERRING III,

    Defendants.

_____/

## OMNIBUS ORDER ON MOTIONS FOR DISCOVERY IN AID OF EXECUTION

**THIS CAUSE** is before the Court on Plaintiff's Motion for Order Directing Defendants to Complete Fact Information Sheet [DE 173]; Plaintiff's Motion to Compel Defendants' Depositions in Aid of Execution [DE 176]; and Plaintiff's Motion to Compel Defendants' to Provide Current Contact Information [DE 178]. No responses have been timely filed.[1] The Court has reviewed the record and is fully apprised.

On December 16, 2019, the Court issued its Order of Final Default Judgment [DE 163] in Plaintiff's favor and against both Defendants. Plaintiff has since undertaken efforts to obtain post-judgment discovery from Defendants to satisfy the final judgment, including attempts to secure completed fact information sheets and deposition testimony. Apparently, all to no avail.

---

[1] Mr. Herring, proceeding *pro se*, filed notices with the Court with arguments regarding the substantive merits of this case [DE 175; DE 177]. Such arguments are improper in this post-judgment phase of the proceedings. In one notice, Mr. Herring cites lack of finances and a computer rendered "useless" by a virus as reasons that "will not allow [him] to participate and cooperate further." [DE 177 at 1]. These cited reasons do not constitute valid grounds for Mr. Herring to avoid his post-judgment discovery obligations.

1

"Rule 69(a) provides the process by which a judgment creditor can enforce a money judgment and authorizes post-judgment discovery in aid of execution of that judgment." *In re Clerici*, 481 F.3d 1324, 1336 (11th Cir. 2007). A party may move for an order compelling disclosure or discovery. Fed. R. Civ. P. 37. The court may enter an order compelling discovery when a party fails to respond or make objections to discovery requests. *See* Fed. R. Civ. P. 37(a)(3)(B).

Here, pursuant to Rule 69, Plaintiff seeks to obtain the following discovery from Defendants: (1) completed Form 1.977 (standard fact information sheets) [DE 173-1 (corporate); DE 173-2 (individual)]; (2) depositions; and (3) current contact information. Plaintiff is entitled to this discovery. However, considering the present extraordinary circumstances caused by COVID-19, the Court finds it appropriate to craft reasonable parameters for the timing and scope of the post-judgment discovery sought. For instance, while Plaintiff seeks for the Court to compel Defendants to be deposed in Palm Beach or Broward Counties, present unprecedented travel restrictions and shelter-in-place directives throughout the nation simply do not allow for that to be done.

Accordingly, being fully advised, the Court **ORDERS AND ADJUDGES** that:

1. Plaintiff's Motion for Order Directing Defendants to Complete Fact Information Sheet [DE 173] is **GRANTED IN PART AND DENIED IN PART**. Plaintiff shall serve Form 1.977 (the same forms attached to its motion) on Defendants and file proof of such service when complete. Defendants shall complete the forms and return it to Plaintiff, with all required attachments, **within ninety (90) days of the date of receipt.**

2. Plaintiff's Motion to Compel Defendants' Depositions in Aid of Execution [DE 176] is **GRANTED IN PART AND DENIED IN PART**. Defendants shall appear for

2

depositions at a time and date to be set by Plaintiff's counsel. The depositions shall be set to occur on a date that is within 60 to 120 days of the date of this Order and shall be completed via videoconference or other remote means, or as otherwise mutually agreed upon by the parties.

3. Plaintiff's Motion to Compel Defendants' to Provide Current Contact Information [DE 178] is **GRANTED IN PART AND DENIED IN PART**. Defendants shall disclose their current physical and email address by filing an appropriate notice of current contact information with the Court within forty-five (45) days of this Order's date. Defendants shall keep the Court and opposing counsel apprised of any changes to either address by filing an appropriate updated notice.

4. By April 27, 2020, Plaintiff's counsel shall serve a copy of this Order upon Defendants at their last known email address(es) and physical address(es) and shall file an appropriate notice reflecting that this has been done.

**DONE AND ORDERED** in Chambers at West Palm Beach in the Southern District of Florida, this 6th of April, 2020.

*(signature)*
DAVE LEE BRANNON
U.S. MAGISTRATE JUDGE

Copy via U.S. Mail to:
Arthur Herring, III and Dektor Corp.
400 E. Station Avenue
Coopersburg, PA 18036