IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 18-CV-80994-MIDDLEBROOKS

NITV FEDERAL SERVICES, LLC,

    Plaintiff,

v.

DEKTOR CORPORATION and ARTHUR
HERRING, III,

    Defendants.

## PLAINTIFF'S MOTION TO ALLOW
## NON-PARTY WITNESS TO APPEAR VIRTUALLY

Plaintiff NITV Federal Services, LLC ("Plaintiff") hereby files this motion to allow non-party witness Tamra Alstatt to appear virtually at the January 21, 2022 Contempt Hearing, and in support thereof, states as follows:

### INTRODUCTION

On December 13, 2021, the Court entered its Order Scheduling Contempt Hearing [D.E. 190] upon Plaintiff's Motion for Order to Show Cause Why Defendant Arthur Herring, III Should Not Be Held In Contempt (the "Contempt Motion") [D.E. 187]. The contempt hearing is scheduled for **January 21, 2022 at 10:00 a.m.** in West Palm Beach, Florida.

Tamra Alstatt, a non-party witness, and a detective with the Garfield County Sheriff's Office residing and working in Glenwood Springs, Colorado, will testify before this Court in this contempt proceeding for the sole purpose of authenticating two email communications that Plaintiff alleges were sent by defendant Arthur Herring III ("Herring"). Her testimony is scheduled to last from one to two minutes and will not be substantive.

## BASIS IN LAW

In federal court, the use of remote video testimony at trial is governed by Federal Rule of Civil Procedure 43(a) ("Rule 43(a)"). Under Rule 43(a), "witnesses' testimony must be taken in open court unless a federal statute, the Federal Rules of Evidence, [the Federal Rules of Civil Procedure], or other rules adopted by the Supreme Court provide otherwise. For good cause in compelling circumstances and with appropriate safeguards, the court may permit testimony in open court by contemporaneous transmission from a different location." As set forth by Rule 43(a), in order to justify the presentation of testimony via remote means such as video, the proponent of the video testimony must establish "good cause" and "compelling circumstances" and show that "appropriate safeguards" will be taken to preserve the veracity of the witness' testimony.

## ARGUMENT

Ms. Alstatt, a non-party witness shall play no central role in this proceeding and there is no potential prejudice to the opposing party. In fact, Ms. Alstatt's sole purpose is to identify/authenticate two written communications that she received. "There is no material difference between the live testimony that defendants seek and the live video testimony sought by the plaintiffs" *F.T.C. v. Swedish Match N. Am., Inc.*, 197 F.R.D. 1, 1 (D.D.C. 2000). Ms. Alstatt shall be sworn over video deposition with a notary in her presence.

Plaintiff requests that Ms. Alstatt, a non-party witness, be allowed to appear and testify remotely from the State of Colorado before this Court at the contempt hearing for the following reasons:

1.  Ms. Alstatt's testimony, scheduled to last from one to two minutes, is limited to authenticate two documents in the form of emails that she received in her capacity as detective for the Garfield County Sheriff's Office. She will not testify to substantive matters in the contempt

proceeding.

2. Ms. Alstatt resides and works full time in Glenwood Springs, Colorado and to travel to Florida and miss work for at least two full days to testify in this proceeding would be a financial hardship for her.

3. The Centers for Disease Control and Prevention (CDC) reports a surge of COVID-19 cases now with increasing cases in the coming weeks. The recent increase in hospitalizations and deaths due to the Omicron variant, which is a consequence of the Coronavirus Disease (COVID-19) pandemic, is a real and present danger to air passengers. If required to travel roundtrip from Colorado to Florida, Detective Alstatt would be subject to significant health risks.

For the foregoing reasons, Plaintiff respectfully requests that the Court enter an Order allowing non-party witness, Tamra Alstatt, to testify virtually at the contempt hearing on January 21, 2022.

## LOCAL RULE 7.1(a)(3) CERTIFICATE

Before filing this Motion, undersigned counsel attempted to confer with Herring with respect to the relief requested herein. Until January 11, 2022, undersigned counsel was without any contact information for Herring (as he had disconnected his prior telephone and deleted the only e-mail account previously used to communicate with him). On January 11, 2022, Herring filed a notice that identifies both a phone number and e-mail address. Undersigned counsel attempted to contact Herring via both telephone and e-mail, but Herring has not yet responded to any such attempts.

Dated: January 12, 2022.

|  |  |
|---|---|
| Respectfully submitted, | Respectfully submitted, |
| ADVISOR LAW PLLC | DESOUZA LAW, P.A. |
| 3910 RCA Boulevard | 3111 N. University Drive |
| Suite 1015 | Suite 301 |
| Palm Beach Gardens, FL 33410 | Coral Springs, FL 33065 |
| Telephone: (561) 622-7788 | Telephone: (954) 603-1340 |
| Jdloughy@advisorlaw.com | DDesouza@desouzalaw.com |
| By:/s/ James D'Loughy | By: /s/ Daniel DeSouza, Esq._____ |
|    James D'Loughy, Esq. |    Daniel DeSouza, Esq. |
|    Florida Bar No: 052700 |    Florida Bar No.: 19291 |

## CERTIFICATE OF SERVICE

I hereby certify that on January 12, 2022, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will electronically serve all counsel of record.

                ADVISOR LAW, PLLC
                /s/ James D'Loughy, Esq._____